UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEIGHTON B. DOREY, IV,<br>Booking #17134204,<br><br>                     Plaintiff,<br><br>vs.<br><br>SAN DIEGO CENTRAL JAIL;<br>WILLIAM GORE, San Diego County Sheriff,<br><br>                     Defendants. | Case No.: 3:20-cv-01007-GPC-BLM<br><br>**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR APPOINTMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(a), (e)(1)**<br>**[ECF Nos. 2, 3]**<br><br>**AND**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

      Plaintiff Leighton B. Dorey, IV, currently detained at the San Diego Central Jail ("SDCJ") and awaiting retrial in a capital murder case where he is proceeding in pro per, has filed a complaint alleging the violation of his civil rights and claiming he lacks adequate SDCJ law library access in order to "prepar[e] his defense." *See* Compl., ECF No. 1 at 4–5. Plaintiff seeks "appropriate damages" and an order "instruct[ing] [SDCJ] to provide meaningful and effective law library access for pro per detainees." *Id.* at 24.

Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a), and a Motion for Appointment of Counsel pursuant to 28 U.S.C. § 1915(e)(1). *See* ECF Nos. 2, 3.

**I.     Motion to Proceed IFP**

Parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners[1] granted leave to proceed IFP remain obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of outcome. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, section 1915(a)(2) also clearly requires that prisoners "seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2) (emphasis added); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

///

---

[1] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Here, while Plaintiff has filed a Motion to Proceed IFP, it fails to comply with 28 U.S.C. § 1915(a)(2) because it does not include a certified copy of his trust fund account statements, or an "institutional equivalent" issued by SDCJ officials, attesting as to his trust account activity and balances for the 6-month period preceding the filing of this action. *See* 28 U.S.C. § 1915(a)(2); S. D. Cal. CivLR 3.2.b. Without this accounting, the Court remains unable to fulfill its statutory duty to assess the appropriate amount of initial filing fee which may be required to further prosecute his case. *See* 28 U.S.C. § 1915(b)(1). Accordingly, Plaintiff's Motion to Proceed IFP must be DENIED.

## II.   Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel. *See* ECF No. 3. There is, however, no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion is exercised only under "exceptional circumstances," *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), and necessarily depends upon Plaintiff's IFP status. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.").

///

Because Plaintiff has not yet demonstrated he is eligible to proceed IFP pursuant to 28 U.S.C. § 1915(a), he cannot show he is "unable to afford counsel" as required by § 1915(e)(1). Therefore, Plaintiff's Motion for Appointment of Counsel must also be **DENIED**.

### III. Conclusion and Order

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motion to Proceed IFP and Motion to Appoint Counsel (ECF Nos. 2, 3) and **DISMISSES** this civil action without prejudice for failure to satisfy 28 U.S.C. § 1914(a)'s filing fee requirements.[2]

2) **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open the case by: a) prepaying the entire $400 civil filing and administrative fee in full; *or* b) completing and filing a Motion to Proceed IFP which complies with 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2.b.

3) **ORDERS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis." If Plaintiff fails to either prepay the $400 civil filing fee or complete and submit

///

---

[2] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $400 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be reviewed before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $400 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.").

1  the enclosed Motion to Proceed IFP, *including a completed prison certificate issued by an*
2  *authorized SDCJ trust accounting officer or a certified copy of his SDCJ trust fund account*
3  *statements for the 6-month period immediately preceding the filing of this action* within 45
4  days, his case will remain dismissed without prejudice pursuant to 28 U.S.C. § 1914(a) and
5  without further Order of the Court.

6  **IT IS SO ORDERED.**

7  Dated: June 2, 2020

8  Hon. Gonzalo P. Curiel
9  United States District Judge